**ALD-269**                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2758
_____

JOSEPH ARUANNO,
                                    Appellant

v.

PAUL FISHMAN; ERIC HOLDER; JOHN/JANE DOES, et al
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 10-cv-04085)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed:  August 29, 2011)
_____

OPINION
_____

PER CURIAM

    Joseph Aruanno appeals an order of the United States District Court for the

District of New Jersey dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B).  We

will affirm the District Court's judgment.

I.

Aruanno, who is civilly confined at the Special Treatment Unit ("STU") in Kearney, New Jersey pursuant to the New Jersey Sexually Violent Predators Act (SVPA), filed a pro se lawsuit against Paul Fishman, United States Attorney for the District of New Jersey, United States Attorney General Eric Holder, and John and Jane Doe Defendants. He also filed a motion for leave to proceed in forma pauperis ("IFP").

In his complaint, Aruanno stated that in October 2009, he sent a letter to the Office of the United States Attorney in Newark, New Jersey alerting the United States Attorney for the District of New Jersey that crimes were being committed against him at the STU.[1] Aruanno also attached to his complaint a November 2009 letter from United States Attorney Paul J. Fishman acknowledging receipt of Aruanno's letter. In the letter, Mr. Fishman stated that Aruanno's letter had been forwarded to the Federal Bureau of Investigation for review, but that it was unlikely that federal law enforcement could be of assistance to him because Aruanno's letter did not reveal specific information about any federal criminal violations.

Apparently dissatisfied with Mr. Fishman's response, Aruanno commenced suit in the District Court. Aruanno sought an order from the District Court compelling the

---

[1] Aruanno indicated that one of the claims that he raised in his letter was that state law enforcement officers have engaged in "excessive force."

Defendants to investigate his claims and/or pursue the criminal prosecution of individuals at the STU.[2]

By order entered June 8, 2011, the District Court granted the IFP motion but dismissed the complaint under § 1915(e)(2)(B), concluding that it failed to state a claim upon which relief may be granted. This appeal followed.

## II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's sua sponte dismissal of a complaint for failure to state a claim is plenary, requiring us to draw all reasonable inferences therefrom in the plaintiff's favor. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

We agree with the District Court that Mr. Fishman's alleged refusal to pursue criminal charges against individuals at the STU does not give rise to a viable civil rights claim. See Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) (observing that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another"). Accordingly, because Aruanno does not have a legally cognizable interest in compelling federal prosecutors to investigate or prosecute alleged violations of his rights, the complaint was properly dismissed for failure to state a claim upon which relief may be granted.

---

[2] Arunanno did not seek to sue anyone at the STU.

Ordinarily, a District Court should not sua sponte dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim without providing the plaintiff an opportunity to amend his complaint. As it appears that amendment would be futile, we conclude that the District Court did not err in declining to afford Aruanno leave to amend. See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

Because this appeal does not raise a substantial question, we will affirm the judgment of the District Court. See Third Cir. LAR 27.4; I.O.P. 10.6.